BILLY VALENTE, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee
No. 28705
Intermediate Court of Appeals of Hawaii
November 24, 2008.
On the briefs:
Emmanuel G. Guerrero, for Petitioner-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City & County of Honolulu, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER

NOT FOR PUBLICATION
RECKTENWALD, C.J., WATANABE and LEONARD, JJ.
Petitioner-Appellant Billy Valente appeals from the following orders entered by the Circuit Court of the First Circuit[1] (circuit court): (1) the Decision and Order Denying Petition for Post-Conviction Relief Without a Hearing Except as to Ground Three filed on September 29, 2003, and (2) the Findings of Fact, Conclusions of Law, and Order Denying Ground Three of Petition for Post-Conviction Relief filed on August 14, 2007.
On July 18, 1984, Valente was indicted in Cr. No. 60579 for rape in the first degree in violation of Hawaii Revised Statutes (HRS) § 707-730, two counts of sodomy in the first degree in violation of HRS § 707-733, and burglary in the first degree in violation of HRS § 708-810. Valente was represented by Deputy Public Defender Nelson Goo.
On March 14, 1985, a jury found Valente guilty as charged. On April 18, 1985, the trial court sentenced Valente to concurrent extended terms of life imprisonment as a persistent and multiple offender on the rape and two sodomy offenses, and twenty years' imprisonment on the burglary offense. Valente did not appeal.
On July 22, 2002, Valente, pro se, filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody pursuant to Hawai`i Rules of Penal Procedure (HRPP) Rule 40 (Rule 40 Petition). Valente's Rule 40 Petition asserted:
Ground One: "Actual innocence. Conviction obtained through the repression of exculpatory evidence  Genetic Testing (D.N.A.) required in this case." Valente further contended that "I was not informed of the recovery of any evidence linking myself to the alleged crimes, nor was I informed of the possibility of utilizing genetic (D.N.A.) testing or other serological testing[.]"
Ground Two: "Denial of effective assistance of Counsel." Valente argued that his attorney, Deputy Public Defender Nelson Goo (Goo) failed to (1) "conduct a complete and full investigation[,]" (2) "compel the production of all evidence," (3) "aggressively defend me[,]" (4) "interview potential witnesses[,]" (5) "prepare and present an alibi defense" or "Notice of Alibi[,]" (6) "order serological and genetic testing to conclusively exclude me as a contributor of the genetic material[,]" (7) "relocate the trial because of the prejudice resulting from a recent previous conviction[,]" and (8) "protect [my] right to silence[.]
Ground Three: "Denial of my statutory right to a direct appeal" because Goo (1) "failed to inform me of my right or opportunity to a direct appeal[,]" (2) "refused to file an appeal" although "[I] requested that . . . Goo appeal the conviction and sentence[,]" and (3) "failed to determine what appealable issues may have existed in my case."
On September 29, 2003, the circuit court issued the Decision and Order Denying Petition for Post-Conviction Relief Without a Hearing Except as to Ground Three.
A hearing on ground three of Valente's petition was held on July 25, 2007. Valente was represented by court-appointed counsel Emmanuel Guerrero and was the only witness to testify.[2] At the conclusion of the hearing, the circuit court orally denied the petition. On August 14, 2007, the circuit court issued the "Findings of Fact, Conclusions of Law, and Order Denying Ground Three of Petition for Post-Conviction Relief" (2007 Order).
On appeal, Valente argues that the circuit court erred in concluding that Valente "failed to sustain his burden of proof in his petition for post-conviction relief and that he was not deprived of the effective assistance of counsel" with regard to the filing of a direct appeal.[3]
After a careful review of the record and the briefs submitted by both parties, and having given due consideration to the arguments advanced, the issues raised, and the relevant statutes, rules, and case law, we resolve Valente's point of error as follows:
The circuit court did not err in concluding that Valente failed to carry his burden of establishing that Goo was ineffective for failing to pursue an appeal on Valente's behalf. Dan v. State, 76 Hawai`i 423, 427, 879 P.2d 528, 532 (1994) ("[t]he burden of establishing ineffective assistance rests with the petitioner"). The circuit court found that the only evidence in support of Valente's allegations was his own testimony, which the circuit court expressly found to be "not credible." Although Valente alleged in his petition that Goo did not inform him that he had a right to appeal and that "[Valente] was unaware at the time of [his] statutory right to appeal in Hawaii[,]" there was substantial evidence to the contrary. Valente testified at the hearing that he had discussed an appeal with Goo. The State submitted an affidavit from Public Defender John Tonaki which stated that it was the policy of the public defender's office in 1985 "to inform a defendant who has been convicted of a criminal offense of his/her post conviction remedies including his/her right to directly appeal the conviction." Also, Valente had prior experience with the appellate process, both as an appellant and appellee, since an appeal had been filed on his behalf in 1981 in S.C. No. 8313, and another had been filed by the State in S.C. No. 9069 with regard to a dismissal of a prior indictment against him.
In a declaration in support of his petition, Valente stated that he "requested that . . . Goo appeal the conviction and sentence," but that Goo "refused to file an appeal in behalf of [Valente]." However, as the circuit court observed, "Petitioner waited over seventeen years before alleging ineffective assistance of counsel based upon counsel's failure to inform him of his right to appeal, failure to file a notice of appeal, and failure to determine what appealable issues may exist." The long delay in filing the Rule 40 Petition reasonably supports the inference that Valente decided to forego an appeal, rather than that Goo "refused" to file one on his behalf.[4] Wilton v. State, 116 Hawai`i 106, 110 n.7, 170 P.3d 357, 361 n.7 (2007) ("[A]ppellate courts will give due deference to the right of the trier of fact to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced.") (citation and internal quotation marks omitted).
Thus, we conclude that the circuit court did not err in concluding that Valente failed to carry his burden of establishing that Goo ineffectively represented him with regard to the filing of a direct appeal. See Ex parte Scott, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (concluding that defendant had the burden of proving that counsel was ineffective for failing to notify him that his convictions had been affirmed or what he needed to do to file a petition for discretionary review of his convictions, and that defendant had failed to carry that burden); id. at 674-75 (Cochran, J., concurring) (concluding that "applicant's bare assertion," made 12 years after the fact, was insufficient to establish that counsel had failed to advise him of his right to seek discretionary review).
Accordingly, the September 29, 2003 Decision and Order Denying Petition for Post-Conviction Relief Without a Hearing Except as to Ground Three and the August 14, 2007 Findings of Fact, Conclusions of Law, and Order Denying Ground Three of Petition for Post-Conviction Relief are hereby affirmed.
NOTES
[1] The Honorable Richard K. Perkins presided.
[2] The transcript indicates that Goo was present at the hearing on the Rule 40 Petition, but neither the State nor Valente called him to testify. The circuit court found in the Findings of Fact, Conclusions of Law, and Order Denying Ground Three of Petition for Post-Conviction Relief, filed on August 14, 2007, that "it was reiterated [at the hearing] that [Goo] had no independent recollection of whether he specifically spoke with [Valente] about an appeal."
[3] Valente does not raise or argue any points of error with regard to grounds one or two of his petition, and accordingly, has waived those issues. Hawai`i Rules of Appellate Procedure Rule 28(b)(4), (b)(7); Hill v. Inouye, 90 Hawai`i 76, 82, 976 P.2d 390, 396 (1998).
[4] In his petition, Valente alleged that "I awaited [sic] until now to challenge my conviction because I misunderstood the nature of my criminal sentencing. I believed, incorrectly, that I would be released after serving twenty years." However, Valente provided no details about the basis of that alleged belief. In any event, we conclude that the circuit court did not err by failing to accept Valente's explanation for the delay, and by instead inferring that the delay was inconsistent with Valente's claims.